# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**NANCY J. CHEAL,**
      Petitioner,

v.                                               Civ. No. 05-CV-10595

**UNITED STATES,**
      Respondent.

## AMENDED MOTION PURSUANT TO 28 USC §2255
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Now comes the Petitioner, Nancy J. Cheal, and pursuant to 28 USC §2255, moves this Court to vacate, set aside, or correct her sentence.

As grounds therefore, and as more fully set forth below, the Petitioner asserts she is being incarcerated in violation of the Sixth Amendment of the United States Constitution in that she was denied the effective assistance of her trial counsel due to his failure to object to the Trial Court sentencing her on the basis of facts neither admitted by the Defendant nor found by a jury, beyond a reasonable doubt.

More particularly, the Petitioner states as follows:

1.  Nancy J. Cheal , now 66 years old, is a federal prisoner presently confined at FCI Coleman Camp, located in Coleman, Florida, pursuant to the judgment of the United States District Court for the District of Massachusetts, in *United States v. Nancy J. Cheal*, No. 01CR10076 RWZ.

2.  On February 28, 2001, the grand jury returned an indictment

charging the Petitioner with five counts of mail fraud and two counts of wire fraud, in violation of 18 USC §§1341 and 1343.

    3.     The Petitioner was appointed counsel pursuant to the Criminal Justice Act.

    4.     On October 15, 2002, the Petitioner changed her plea to guilty on all counts. During the Rule 11 hearing, the Petitioner disputed the factual basis for the plea, stating that "90% of what is said is not correct." (Plea Hearing, p. 69.)

    5.     A sentencing hearing was held on February 20, 2003, during which the Court found six factors by a preponderance of evidence which greatly enhanced the Petitioner's sentence under the Sentencing Guidelines above the base offense level of 6. As a result of these findings, the Court made the following offense level calculations:

| | |
|---|---|
| Base offense level<br>§2F1.1(a) | 6 |
| Loss amount between $2.5 and $5 million<br>§2F1.1(b)(1)(N) | +13 |
| More than minimal planning<br>§2F1.1(b)(2) | +2 |
| Mass marketing<br>§2F1.1(b)(3) | +2 |
| Misrepresentation re:<br>charitable or religious organization<br>§2F1.1(b)(4)(A) | +2 |
| Organizer or leader<br>§3B1.1(a) | +4 |
| Obstruction of justice<br>§3C1.1 | +2 |
| Acceptance of responsibility<br>§3E1.1 | -2 |

6. This calculation yielded an Offense Level of 29, which at Criminal History Category I, prescribed a sentencing range of 87-108 months. Finding no basis for a downward departure, the Court imposed a sentence of 87 months.

7. The Petitioner did not admit to any of the enhancing factors under the Sentencing Guidelines.

8. In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Notwithstanding the decision in *Apprendi,* Petitioner's trial counsel did not object, as being violations of the Fifth and Sixth Amendments, to the sentence being based on facts neither admitted by the Defendant nor found by a jury beyond a reasonable doubt.

9. Trial counsel's failure to object to the sentence being imposed based on disputed sentencing factors found by the Court, by a preponderance of evidence, denied the Petitioner effective assistance of counsel.

10. Represented by new appointed counsel, the Petitioner filed an appeal challenging her conviction and sentence. As described by the Court of Appeals, the appeal raised four issues: (1) the compliance of her change-of-plea hearing with the requirements of Rule 11 of the Federal Rules of Criminal Procedure; (2) the evidentiary basis for the Court's enhancement for obstruction of justice; (3) the Court's failure to grant a downward departure on the basis of her alleged reduced mental capacity; (4) the timeliness of the Court's entry of a restitution order. *United States v. Cheal*, 389 F. 3d 35, 37 (1st Cir., 2004).

11. In prosecuting the appeal, appellate counsel failed to argue that the sentence violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

12. Following briefing and oral argument in the appeal, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). In its decision in *United States v. Cheal*, supra at 45, n. 10 the Court took note of the *Blakely* decision:

> The Supreme Court decided *Blakely v. Washington*,  U.S.  , 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), after oral argument in this case. Cheal has not submitted a letter of supplemental authority under Fed. R. App. P. 28(j*)* challenging her sentence based on *Blakely's* possible application to the federal sentencing guidelines. Consequently, we do not address the issue.

13. Due to trial counsel's failure to object on Fifth and Sixth Amendment grounds to the sentencing procedure, any claim for relief in the Court of Appeals would have been a futile claim of plain error.

14. Due to counsel's failure to preserve constitutional objections to the sentencing procedure, the Defendant lost the opportunity to seek a remand from the Court of Appeal which would have directed the Trial Court to resentence the Defendant in accordance with constitutional requirements.

WHEREFORE, the Petitioner prays that her sentence be vacated, and that she be re-sentenced in a manner consistent with the United States Constitution.

                                        NANCY J. CHEAL
                                        by his attorneys,

Date: 11/3/05                        /s/ Matthew A. Kamholtz
                                        Matthew A. Kamholtz
                                        BBO #257290
                                        FEINBERG & KAMHOLTZ
                                        125 Summer St.
                                        Boston, MA 02110
                                        (617) 526-0700